Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7936 | **DATE** | 5/17/2001 |
| **CASE TITLE** | CAFCAS, JR. vs. RADISSON SEVEN SEAS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendants' motions to dismiss pursuant to 12(b)(6) and 12(b)(3) are denied and this case is transferred to District Court of Florida in Miami pursuant to 28 U.S.C. 1406 in the interest of justice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 2 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 18 PM 4: 33 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 21 2001

| | |
|---|---|
| Thomas H. Cafcas, Jr., Administrator of The Estate of Constance F. Cafcas, and Thomas H. Cafcas, <br><br> Plaintiffs, <br><br> v. <br><br> Radisson Seven Seas, Radisson Seven Seas Cruises, Inc., and M/S SEVEN SEAS NAVIGATOR <br><br> Defendants. | No. 00 C 7936 <br><br> Judge Ronald A. Guzman |

## MEMORANDUM OPINION AND ORDER

Pending is defendants' Radisson Seven Seas, Radisson Seven Seas Cruises, Inc., and M/S SEVEN SEAS NAVIGATOR ("defendants") motions to dismiss plaintiffs' Thomas H. Cafcas, Jr., Administrator of the Estate of Constance F. Cafcas, and Thomas H. Cafcas ("plaintiffs") complaint pursuant to Fed. R's. Civ. Proc. 12(b)(6) for not filing the claim within the time required by the parties' contractual period of limitations, or in the alternative pursuant to Fed. R's. Civ. Proc. 12(b)(3) dismissing the action for improper venue. For the reasons set forth below, these motions are denied.

## BACKGROUND FACTS

Plaintiffs allege that the decedent, Constance F. Cafcas, while aboard the M/S SEVEN SEAS NAVIGATOR on September 11, 1999, due to the defendants' conduct,

1

broke her leg and incurred other injuries that resulted in her death on December 19, 1999. Thomas H. Cafcas, Jr. was appointed personal representative of the Estate of Constance F. Cafcas on March 17, 2000 and this suit was initiated on December 1, 2000.

Plaintiffs allege that the defendants were negligent in that they failed to adequately prepare the M/S SEVEN SEAS NAVIGATOR ("Ship") and its crew for safe operations; maintain and operate the Ship in a safe manner with due regard for the health and safety of the plaintiffs; maintain proper navigation equipment in good order to avoid sudden changes of direction and to avoid collision with other vessels; and take proper care of the decedent after suffering the injury. Relating to this conduct, plaintiffs allege claims for wrongful death, bodily injuries, loss of services, consortium and emotional distress, and willful and wanton conduct.

Defendants argue that the time limitation for filing claims is governed by the standard contract on the back of the cruise ticket and that this period had expired before the plaintiffs filed their claims. Defendants further assert that the proper venue is also governed by the contractual agreement between the parties and therefore, venue to litigate this suit lies in the courts of Broward County, Florida. Each of these arguments will be addressed in turn.

## DISCUSSION

In ruling on a 12(b)(6) motion to dismiss, the court must consider, "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F. 2d 1073, 1078 (7th Cir.1992). In deciding a motion to dismiss, the court must consider all allegations of the complaint as

true, and must draw all reasonable inferences in favor of the plaintiff. *Pickrel v. City of Springfield,* 45 F. 3d 1115, 1116 (7th Cir.1995).

Clause 16 of the ticket contract under scrutiny contains the following notice:

**16. PERSONAL INJURY CLAIMS/NOTICE:**

> REQUIREMENTS/TIME LIMITS: ANY INCIDENT OR ACCIDENT RESULTING IN BODILY INJURY, EMOTIONAL DISTRESS OR INJURY OR DEATH TO THE PASSENGER MUST BE REPORTED IMMEDIATELY TO A VESSEL'S OFFICER. COMPANY WILL NOT BE LIABLE THEREFOR EXCEPT AS PROVIDED BY LAW AND THEN ONLY IF A WRITTEN CLAIM IS PRESENTED TO COMPANY WITHIN SIX (6) MONTHS OF THE INCIDENT OR ACCIDENT ALLEGED TO HAVE CAUSED THE BODILY INJURY, EMOTIONAL DISTRESS OR INJURY OR DEATH. COMPANY WILL FURTHER NOT BE LIABLE THEREFOR UNLESS SUIT IS COMMENCED WITHIN TWELVE (12) MONTHS OF THE SAID INCIDENT OR ACCIDENT TO HAVE CAUSED THE BODILY INJURY, EMOTIONAL DISTRESS OR INJURY OR DEATH. IF A WRITTEN CLAIM IS NOT MADE AND SUIT IS NOT COMMENCED WITHIN THE TIMES PROVIDED IN THIS ARTICLE THEN THE PASSENGER WAIVES AND RELEASES ANY RIGHT HE MAY HAVE TO MAKE A CLAIM AGAINST COMPANY FOR ANY SUCH BODILY INJURY, EMOTIONAL DISTRESS OR INJURY OR DEATH.

Defendant is correct in stating that one-year contractual limitation periods in passenger contracts for bodily injury are permitted under federal admiralty law pursuant to 46 *App.* U.S.C. section 183b. "It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel . . . transporting passengers . . . from or between ports of the United States and foreign ports to provide by rule, rule contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury

3

occurred." *46 App. U.S.C. section 183b(a)*. However, more on point to the facts of this case is sub-section (c) of this statute which states in part, "if the action is one for wrongful death, any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for . . . decedent's estate, but shall be applicable from the date of the appointment of such legal representative." *46 App. U.S.C. section 183b(c)*.

Defendants contend that the limitation period in clause 16 bars the maintenance of this action. They argue that the one-year limitation period begins to run from the date of injury and not the date of death.[1] In light of the language of the statute, however, neither event is outcome determinative.

Plaintiffs' cause of action is one for wrongful death and thus, it is clearly governed by *46 App. U.S.C. section 183b(c)*. Therefore, any provisions of the contractual agreement, in particular clause 16, which are contrary to federal law are preempted and impermissible. Subsection (c) of section 183b of Appendix A provides that any lawful limitation of time in the ticket contract "shall be applicable from the date of the appointment of the legal representative. *Schwartz v. S. S. Nassau*, 223 F. Supp. 374, 375 (D.C. N.Y 1963). In this case it is uncontested that Thomas H. Cafcas, Jr. was appointed personal representative of the Estate of Constance F. Cafcas on March 17, 2000 and this suit was filed on December 1, 2000. Thus, this suit satisfies the limitations period governed by 46 App. U.S.C. section 183b(c).

---

[1] Defendants have not raised any argument as to the 6 month period.

4

Now that we have established that the suit is timely, we turn to the issue of venue. The cruise ticket contract contains a forum-selection clause requiring that all disputes arising in connection with the cruise be litigated in a court in Broward County, Florida. Specifically clause 18 states:

**18. PLACE OF SUIT:**

> b. Choice of Law Forum. All questions arising on this Ticket/Contract shall be decided according to the Convention, the general maritime laws of the United States of America and, otherwise, in accordance with the laws of the State of Florida, with references to which this Ticket/Contract is made. Any dispute arising out of or in connection with this Ticket/Contract shall be determined by the Courts in Broward County, State of Florida, the jurisdiction of which the Carrier and Passenger hereby submit themselves.

Defendants argue that contrary to the express language of the forum selection clause, plaintiffs filed their action in Illinois, as opposed to Broward County, Florida and thus, the defendants seek to have the suit dismissed. We agree that the correct venue to litigate this suit is in Florida not Illinois.

Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). The Supreme Court upheld the enforceability of a forum-selection clause in *Carnival Cruise Lines, Inc. v. Shute*. 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991). In *Shute*, similar to the plaintiffs' in our case, the plaintiff was injured on the cruise, and filed suit against the cruise line in her resident state. *Id.* The Supreme Court upheld the forum selection clause. The Supreme Court listed several justifications for permitting the cruise line to inset a reasonable forum clause including the cruise line's

"special interest" in limiting the number of fora in which it potentially should be sued, the "salutary effect" of dispelling any confusion about where suits arising from the contract must be brought and defended, and increased benefits to passengers in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued. *Id.* at 593-94; *Moraites v. Royal Caribbean*, 1995 A.M.C. 348 (N.D. Ill. 1994).

Plaintiffs attempt to distinguish *Shute*, by arguing that there were substantial contacts between the parties in *Shute* and Florida, while no such contacts exist in this case. Plaintiffs' argument is unpersuasive. The defendants have their corporate headquarters in Florida and therefore, Florida is a reasonable venue to defend lawsuits in. Further, as defendants assert, all of their American-based employees, with the exception of 14 sales representatives are employed in Florida. In *Shute*, the Supreme Court stated that any suggestion of bad faith motive in choosing a forum would be overcome by the fact that a cruise line has its principal place of business in the chosen forum. 499 U.S. at 595.

Plaintiffs further argue that the forum selection clause should be invalidated because litigating in Florida would be too inconvenient. Plaintiffs assert that they would have to bring 17 witness and doctors to Florida for trial and that this is too burdensome. The Supreme Court and other courts have rejected similar arguments finding them insufficient to override the forum-selection clause. *Id* at 585; *Moraites v. Royal Caribbean Cruises, Ltd.,* 1994 U.S. Dist LEXIS 10474 (N.D. Ill. 1994); *Walker v. Carnival Cruise Lines, Inc.*, 1987 U.S. Dist. LEXIS 12716 (N.D. Ill. 1987) (stating that expense and witness

inconvenience are not enough to nullify a forum selection clause, particularly as local parties and witnesses can be heard in Florida by deposition).

Plaintiffs next allege that the relevant terms of the ticket contract were too small and therefore, inadequate to give notice. The ticket contract in question contains warning about the existence of limitations provisions near the top of the ticket. Further, this section is entitled IMPORTANT NOTICE TO PASSENGERS and is underlined and in bold face type. We feel that this introductory provision of the ticket was clear enough to draw attention to the limitations below.

Finally, without citing any authority, plaintiffs argue that the ticket contract is unreasonable because plaintiffs were not afforded the opportunity to reject the clause without losing 25% of their payment. However, the courts have found forfeiture clauses are not basis to invalidate the terms of the contract. *Lauri v. Cunard Line Ltd.*, 2000 U.S. Dist. LEXIS 8627 (E.D. Mich. 2000) (stating forfeiture of 100% of ticket price upon cancellation would not invalidate a forum selection clause); *Boyles v. Cunard Line Ltd.*, 1994 U.S. Dist LEXIS 21449 (S.D. N.Y. 1994) (finding a passenger ticket contract enforceable despite a significant cancellation fee); *Hicks v. Carnival Cruise Lines, Inc.*, 1994 U.S. Dist LEXIS 10194 (E.D. Pa. 1994) (rejecting argument that terms of contract were unreasonable because the plaintiff did not receive her ticket in time to collect a refund if she canceled).

Plaintiffs do not cite to authority and have not demonstrated a compelling argument for this Court to hold that the forum selection clause is invalid. Thus, we would be justified in dismissing the action for improper venue. However, rather than dismissal, we

7

conclude that justice would be better served by transferring the case to Florida. Under 28. U.S.C. section 1406 (a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Whether dismissal or transfer is appropriate lies within the sound discretion of the district court. *Benvenuti & Stein, Inc. v. Computer Software Specialists, Inc.* No. 87 C 2507, 1987 WL 12699 (N.D. Ill. 1987). Under the explicit language of the forum selection clause, this matter could have been brought in the transferee district. Accordingly, we will transfer this case in the interest of justice to Florida.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss pursuant to 12(b)(6) and 12(b)(3) are denied (#3-1) and this case is transferred to District Court of Florida in Miami pursuant to 28 U.S.C 1406 in the interest of justice.

**SO ORDERED:**                                **ENTERED:**

*/s/ Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**

MAY 1 7 2001